UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CIVIL ACTION NUMBER:  3:23-cv-00759-SAL-PJG

| | |
|---|---|
| Rev. Pamela D. Richardson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> United Methodist Church S.C.; Epworth ) <br> Memorial United Methodist Church & ) <br> Children's Home, ) <br> ) <br> Defendants. ) <br> ) | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** |

On July 31, 2023, Defendants moved to dismiss this lawsuit pursuant to Rule 12(b)(6) (or alternatively, Rules 12(b)(1) and 12(b)(4) and 12(b)(5)) of the Federal Rules of Civil Procedure. (ECF 22)  The Plaintiff filed her Response to Motion to Dismiss on October 2, 2023. (ECF 36)[1] Plaintiff's objections are without merit and for the reasons expressed in Defendants' Memorandum in Support of Their Motion to Dismiss (ECF 22-1) and below, this must be dismissed with the prejudice.

The principal basis of Defendants' Motion was that the claims contained in the Complaint are precluded by the ministerial exception grounded in the Religion Clauses of the First Amendment of the United States Constitution.  (ECF 22-1, pp. 6-12)  While Plaintiff "fully confesses" that she is a minster (ECF 36, p. 1), she argues that application of the ministerial exception would make ministers "an unprotected class." (ECF 36, pp. 1-2) Additionally, she

---

[1] Plaintiff attaches a number of documents to her Response. (ECF 36-1) While these documents clearly and unequivocally establish that Plaintiff was a minister charged with pastoral duties at Epworth Memorial United Methodist Church and Epworth Children's Home, these documents, other than the Determination and Notice of Right to Sue and Charge of Discrimination which were attached to the Complaint (ECF1), should not be considered by the Court in assessing the viability of Defendants' Motion.

argues that the ministerial exception does not apply because she was not an employee. She is wrong in both respects.

> a. Because the Ministerial Exception is grounded in the First Amendment, it is not limited to employee claims

"The First Amendment protects the right of religious institutions 'to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine.'" *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. __, 140 S. Ct. 2049, 2052, 207 L.Ed.2d 870 (2020) (quoting *Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America*, 344 U.S. 94, 116, 73 S.Ct. 143, 97 L.Ed. 120 (1952)). "The independence of religious institutions in matters of 'faith and doctrine' is closely linked to independence in what [the Supreme Court has] termed 'matters of church government.' … This does not mean that religious institutions enjoy a general immunity from secular laws, but it does protect their autonomy with respect to internal management decisions that are essential to the institution's central mission. And a component of this autonomy is the selection of the individuals who play certain key roles." *Id*. at 2060, (quoting *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171, 132 S.Ct. 694, 181 L.Ed.2d 650 (2012)(internal citations omitted)). "The 'ministerial exception' was based on this insight." *Id.* at 2060.

The constitutional foundation for the ministerial exception is based upon the general principle of church autonomy: independence in matters of faith and doctrine and in closely linked matters of internal government. *Id.*, at 2061. But as the Supreme Court noted, none of the three decisions that led the Court to reach this conclusion in *Hosanna-Tabor* was exclusively concerned with the selection or supervision of clergy. *Id*. (citing *Watson v. Jones*, 13 Wall. 679, L.Ed. 666 (1872) (dispute about the control of church property), *Kedroff,* 344 U.S. 94, 73 S.Ct.

143, 97 L.Ed. 120 (control of property, as well as the appointment and authority of bishops), *Serbian Eastern Orthodox Diocese for United States and Canada v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976) (same)). Thus, because "the ministerial exception is grounded in the First Amendment," it applies "to any federal or state cause of action that would otherwise impinge on the Church's prerogative to choose its ministers.'" *Werft v. Desert SW Annual Conf. of United Methodist Church*, 377 F.3d 1099, 1100 n.1 (9th Cir. 2004). *See also Penn v. New York Methodist Hospital*, 884 F.3d 416 (2d Cir. 2018) (application to § 1981 claim).

To the extent Plaintiff now alleges she was not an employee and thus the ministerial exception does not apply she is incorrect. The doctrine is rooted in the First Amendment, not the employee/employer relationship. Plaintiff cannot get around the fact she was a minister and this Court is not permitted to interfere in her ministerial relationship with Defendants.

b.   *If Plaintiff is not an employee she cannot bring a claim under Title VII*

Plaintiff also appears to claim that because she was not an employee the ministerial exception does not apply. As recently noted in *Evans v. Prince George's Community Television, Inc.*:

> Title VII circumscribes employers from discriminating against their employees on the basis on race, sex, and religion. See 42 U.S.C. § 2000e-2(a). As apparent from its plain text, Title VII applies only to employment relationships. *See Ellie v. Sprint,* No. TDC-15-0881, 2015 WL 5923364, at *2 (D. Md. Oct. 7, 2015) (finding a plaintiff must allege facts establishing an employment relationship to pursue a Title VII claim); *see also Proa v. NRT Mid Atl., Inc.*, 618 F. Supp. 2d 447, 458 (D. Md. 2009).

*Id.*, No. 8:19-cv-03529, 2021 WL 3037445, *2 (D. Md. July 19, 2021), *aff'd*, 2022 WL 1644640 (4th Cir. May 24, 2022). *See also Hart v. Wood*, No. 3:09–366, 2010 WL 297662, *2 (D.S.C. Jan 20. 2010) ("Title VII is inapplicable to independent contractors since there is no qualifying

employer/employee relationship")(citing *Farlow v. Wachovia Bank of North Carolina*, 259 F.3d 309, 313 (4th Cir.2001); *Cilecek v. Inova Health System Services*, 115 F.3d 256 (4th Cir.1997)).

As this court has held, if Plaintiff was not an employee, she cannot establish the employee/employer relationship necessary to make a claim under Title VII. Accordingly, her claim would fail even if the ministerial exception did not apply—but it does!

For each of the foregoing additional reasons, the action should be dismissed.

### Conclusion

The Court should dismiss this case with prejudice for the reasons that Defendants set forth herein, pursuant to Rule 12(b)(6) and 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED,**

TURNER PADGET GRAHAM & LANEY

s/Franklin G. Shuler, Jr.
Arthur E. Justice, Jr. Fed. ID # 2261
ajustice@turnerpadget.com
Franklin G. Shuler, Jr. Fed. ID # 5547
fshuler@turnerpadget.com
Turner Padget Graham & Laney P.A.
Post Office Box 5478
Florence, South Carolina  29502
Telephone:  (843) 662-9008
Facsimile:   (843) 667-0828

**ATTORNEYS FOR DEFENDANTS
SOUTH CAROLINA CONFERENCE OF THE
UNITED METHODIST CHURCH, EPWORTH
MEMORIAL UNITED METHODIST
CHURCH AND EPWORTH CHILDREN'S
HOME**

October 6, 2023

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CIVIL ACTION NUMBER: 3:23-cv-00759-SAL-PJG

| | |
|---|---|
| Rev. Pamela D. Richardson,<br><br>    Plaintiff,<br><br>vs.<br><br>United Methodist Church S.C.; Epworth Memorial United Methodist Church & Children's Home,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that a true and correct copy of **Defendants' Reply to Plaintiff's Response to Motion to Dismiss** has been served upon the following by mailing a copy, properly addressed and with sufficient postage affixed thereto, on this 6th day of October, 2023:

Pamela D. Richardson
4161 Hambrick Way
Stone Mountain, GA 30083

*Pro Se Plaintiff*

_____
**Margaret H. Smith**
Legal Assistant to Franklin G. Shuler, Jr.