IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rev. Pamela D. Richardson, | ) | C/A No. 3:23-759-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United Methodist Church SC; Epworth | ) | |
| Memorial United Methodist Church & | ) | |
| Children's Home, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Reverend Pamela D. Richardson, a self-represented plaintiff, filed this employment dispute pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against the defendants, which are both affiliated institutions of the United Methodist Church. Richardson, a Methodist pastor, contends that the defendants harassed her and reassigned her from a more desirable appointment because of her race or gender. She further contends that the defendants retaliated against her for complaining about it. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss.[1] (ECF No. 22.) The motion has been fully briefed and is ready for resolution. (ECF Nos. 22-1, 36, & 37.) Having reviewed the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted because the ministerial exception bars Richardson's claims. The Complaint thus fails to state a claim upon which relief can be granted and must be dismissed.

---

[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Richardson of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. (ECF No. 27.)

**DISCUSSION**

**A.    Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Ministerial Exception[2]**

The ministerial exception requires that courts "stay out of employment disputes involving those holding certain important positions with churches and other religious institutions." Our Lady of Guadalupe Sch. v. Morrissey-Berru, 591 U.S. __, 140 S. Ct. 2049, 2060 (2020); see also Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C., 565 U.S. 171 (2012).  This judicially created exception to federal employment discrimination laws has its roots in the Free Exercise and Establishment Clauses of the First Amendment,[3] which "protects the right of religious institutions 'to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine.' "  Our Lady of Guadalupe Sch., 140 S. Ct. at 2055 (quoting Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am., 344 U.S. 94, 116 (1952)); Hosanna-Tabor, 565 U.S. at 188-89 (applying the ministerial exception to Title VII claims).  The United States Supreme Court first recognized the exception in Hosanna-Tabor, wherein the court stated:

> The members of a religious group put their faith in the hands of their ministers.  Requiring a church to accept or retain an unwanted minister, or punishing a church for failing to do so, intrudes upon more than a mere employment decision.  Such action interferes with the internal governance of the church, depriving the church of control over the selection of those who will personify its beliefs.  By imposing an unwanted minister, the state infringes the Free Exercise Clause, which protects a religious group's right to shape its own faith and mission through its appointments.  According the state the power to determine which individuals will minister to the faithful also violates the Establishment Clause, which prohibits government involvement in such ecclesiastical decisions.

Hosanna-Tabor, 565 U.S. at 188-89.

---

[2] The applicability of the ministerial exception is a question of law for the court.  Smith v. Raleigh Dist. of N. Carolina Conf. of United Methodist Church, 63 F. Supp. 2d 694, 706 (E.D.N.C. 1999) (collecting cases).

[3] The First Amendment provides in pertinent part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. Const. amend. I.

Whether the ministerial exception applies to an employee is affected by "a variety of factors," but "[w]hat matters, at bottom, is what an employee does." Our Lady of Guadalupe Sch., 140 S. Ct. at 2064-65. Sometimes this analysis can be complicated, as it turns on the nature of the plaintiff's role with the religious institution. For instance, in Hosanna-Tabor, which involved a primary school teacher at a religious school, the Court considered factors such as the employee's title, the employer's and employee's representations of the employee's title and duties to the public, the employee's level of training and education in the ministry, and whether the employee's job duties reflected a role in conveying the religious institution's message and carrying out its mission. Hosanna-Tabor, 565 U.S. at 190-92. More recently in Our Lady of Guadalupe, the Court stressed that whether the ministerial exception applies to teachers at religious schools is highly dependent on the employee's role in educating young people in their faith. Our Lady of Guadalupe Sch., 140 S. Ct. at 2064 ("[I]mplicit in our decision in Hosanna-Tabor was a recognition that educating young people in their faith, inculcating its teachings, and training them to live their faith are responsibilities that lie at the very core of the mission of a private religious school."). The Supreme Court has declined to adopt a rigid formula for deciding when the ministerial exception applies, but it has now twice found that it plainly applies to "teachers at religious schools who were entrusted with the responsibility of instructing their students in the faith." Palmer v. Liberty Univ., Inc., 72 F.4th 52, 72 (4th Cir. 2023) (J., Motz, concurring) (internal alterations omitted) (referring to Our Lady of Guadalupe Sch. and Hosanna-Tabor); see also Rayburn v. Gen. Conf. of Seventh-Day Adventists, 772 F.2d 1164, 1169 (4th Cir. 1985) ("As a general rule, if the employee's primary duties consist of teaching, spreading the faith, church governance, supervision of a religious order, or supervision or participation in religious ritual and worship, he or she should be considered 'clergy.' This approach necessarily requires a court to determine whether a position

is important to the spiritual and pastoral mission of the church.") (internal citations and quotations omitted).

But the analysis is not complicated here; indeed, the parties agree that Richardson's role with the defendants falls within this standard. Richardson concedes she served as a pastor. (Pl.'s Mem. Opp'n Summ. J. at 1, ECF No. 36 at 1) ("I fully confess to the Defendants' insistence that this Plaintiff is a minister."). She argues, however, that because she was not an "employee" of the defendants—at least for certain purposes—the ministerial exception does not apply to her. (See Pl.'s Mem. Opp'n Summ. J. at 2, ECF No. 36 at 2) (providing examples of how secular law treats ministers as self-employed for some purposes, like Social Security and Medicare taxes, and as an employee for others, such as income tax, and citing to church policy providing that ministers are self-employed).

Richardson is incorrect. Even if it were true that Richardson's service as a pastor was as an independent contractor, the ministerial exception is not solely triggered by an employer-employee relationship. See Werft v. Desert SW Annual Conf. of United Methodist Church, 377 F.3d 1099, 1100 n.1 (9th Cir. 2004) (noting that the exception applies to any federal or state cause of action that would otherwise impinge on the Church's prerogative to choose its ministers"); see also Penn v. New York Methodist Hosp., 884 F.3d 416, 427 (2d Cir. 2018) (applying the ministerial exception in the context of a claim under 42 U.S.C. § 1981). Rather, it is rooted in the First Amendment. See Our Lady of Guadalupe Sch., 140 S. Ct. at 2052. As the Supreme Court recognized in both Hosanna-Tabor and Our Lady of Guadalupe, a component of religious institutions' autonomy to make internal management decisions essential to their central mission, free of government interference, is the selection of individuals who play certain key roles. Our Lady of Guadalupe 591 S. Ct. at 2060; Hosanna-Tabor at 565 U.S. at 188-89.

Moreover, if true, Richardson's assertion that she was a self-employed, independent contractor guts her Title VII claim, which *does* depend on an employment relationship.[4]  See 42 U.S.C.A. § 2000e ("The term 'employee' means an individual employed by an employer[.]"); Cilecek v. Inova Health Sys. Servs., 115 F.3d 256, 263 (4th Cir. 1997) (concluding that the plaintiff could not sue under Title VII because he was an independent contractor and not an employee); Eghbali v. Dep't of Energy at Savannah River Nat. Lab, 90 F. Supp. 3d 587, 591 (D.S.C.) ("Title VII protects workers who are 'employees,' but does not protect independent contractors."), aff'd, 623 F. App'x 115 (4th Cir. 2015); see also Farlow v. Wachovia Bank of N.C., N.A., 259 F.3d 309, 313 (4th Cir. 2001) (noting that the parties agreed that if the plaintiff was an independent contractor, Title VII did not apply).

## RECOMMENDATION

Reverend Richardson's claims are barred by the ministerial exception.[5]  The defendants' motion should therefore be granted.

November 8, 2023
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[4] Apparently recognizing the incongruity of her arguments, Richardson argues she is "not trying to have [her] cake and it too." (Pl.'s Resp. Opp'n Summ. J., ECF No. 36 at 5).  But she cannot avail herself of the remedies under federal discrimination statutes as an employee and also avoid the ministerial exception based on her asserted self-employment status.

[5] Because the ministerial exception precludes Richardson's suit, the court need not address the defendants' arguments based on improper service or untimeliness.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).