IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Reverend Pamela D. Richardson,<br><br><br>Plaintiff,<br><br>v.<br><br><br>United Methodist Church S.C., and Epworth Memorial United Methodist Church & Children's Home,<br><br>Defendants. | Case No. 3:23-cv-759-SAL<br><br><br><br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 38.] For the reasons below, the court adopts the Report and grants Defendants' motion to dismiss, ECF No. 22.

## BACKGROUND AND PROCEDURAL HISTORY

Reverend Richardson filed this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. [ECF No. 1.] She claims the above-named Defendants—both affiliated institutions of the United Methodist Church—discriminated against her based on her race and sex and retaliated against her when she complained about the alleged mistreatment. *Id.* at 6. Reverend Richardson seeks damages and an order requiring Defendants to amend her job performance reports and to appoint her to "full eldership or retirement." *Id.* at 8.

Defendants move to dismiss Reverend Richardson's claims under Federal Rule of Civil Procedure 12(b)(6), arguing the First Amendment precludes the action. [ECF No. 22.] The magistrate judge recommends the court grant that motion. [ECF No. 38.] Reverend Richardson

1

filed objections to the Report, ECF No. 47, and Defendants replied, ECF No. 48.  The matter is now fully briefed and ripe for review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may file written objections.  *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then reviews de novo only the portions of the Report to which a party has specifically objected.  *Id.*  An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report.  *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Reverend Richardson is proceeding *pro se*, the court must liberally construe the pleadings to allow her to fully develop potentially meritorious claims.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  That said, the requirement of liberal construction does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge finds that Reverend Richardson's claims are barred by the "ministerial exception" to federal employment discrimination laws.  [ECF No. 38.]  For the following reasons, the court agrees and adopts the Report in full.

2

I.    **The Report's Findings**

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. Const. amend. I.  The Religion Clauses "protect the right of churches and other religious institutions to decide matters 'of faith and doctrine' without government intrusion."  *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020) (citation omitted).  Applying this principle, the United States Supreme Court has recognized a ministerial exception to employment discrimination claims.  *Id.*; *see also Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171 (2012).  Under this rule, courts must "stay out of employment disputes involving those holding certain important positions with churches and other religious institutions."  *Our Lady of Guadalupe*, 140 S. Ct. at 2060.  The exception preserves a religious institution's "independent authority" to "select, supervise, and if necessary, remove a minister without interference by secular authorities."  *Id.* at 2060–61.

As the Report correctly notes, a "variety of factors" determine whether the ministerial exception bars a court from entertaining an employment dispute.  [ECF No. 38 at 4 (quoting *Our Lady of Guadalupe*, 140 S. Ct. at 2063).]  The exception does not apply merely because the employee bringing the action holds the title "minister."  *See Our Lady of Guadalupe*, 140 S. Ct. at 2063–64.  The Supreme Court has rejected such an inflexible approach, instead providing that "[w]hat matters, at bottom, is what an employee does."  *Id.* at 2064.  Courts, therefore, consider such things as whether an employee is tasked with "important religious functions," *Hosanna-Tabor*, 565 U.S. at 192, is responsible for matters affecting the "faith and mission of the church[,]" *id.* at 190, or has "primary duties [that] consist of teaching, spreading the faith, church governance, supervision of a religious order, or supervision or participation in religious ritual and worship[,]"

*Rayburn v. Gen. Conf. of Seventh-Day Adventists*, 772 F.2d 1164, 1169 (4th Cir. 1985) (citation omitted).

The court agrees with the magistrate judge that "the analysis is not complicated here." [ECF No. 38 at 5.]  Reverend Richardson claims she served as a pastor and clergy member at the Epworth Memorial United Methodist Church and Children's Home and later led three churches in Orangeburg, South Carolina. [ECF No. 1 at 12, 15.]  In her role, Reverend Richardson contends she oversaw a "ministry" and maintained "administrative and pastoral duties." *Id.* at 12–14.  Her complaint also indicates that she supervised "subordinates and management staff" in the church. *Id.* at 12. She clearly held a position of the sort that implicates the ministerial exception. Accordingly, the court may not intervene in her employment dispute.

## II.    Objections to the Report

Reverend Richardson objects to the Report on several grounds.  The court addresses her arguments in turn.

First, Reverend Richardson contends that the ministerial exception is not "settled law." [ECF No. 47 at 2.]  To this end, she notes that the Supreme Court recently "redefin[ed]" the definition of a "minister" in the case of *Our Lady of Guadalupe. Id.* (citing 140 S. Ct. 2049 (2020)). She claims "the question of who is a minister is still in dispute[,]" because courts "are still toiling" with who exactly qualifies.  *Id.*  Reverend Richardson also notes that courts do not always apply the exception and, occasionally, allow suits when religious entities commit "torts of various natures."  *Id.*  She suggests this too makes the exception unsettled.

The court disagrees with her assessment of the case law.  Though the United States Supreme Court has unanimously recognized the ministerial exception, *see Hosanna-Tabor*, 565 U.S. at 188, it has chosen not to delineate how the rule applies to all potential litigants and situations.  In *Hosanna-Tabor*, for instance, the Court declined to "adopt a rigid formula for

deciding when an employee qualifies as a minister." 565 U.S. at 190. It also "express[ed] no view" on whether the exception applied outside the employment discrimination context, stating "[t]here will be time enough to address the applicability of the exception to other circumstances if and when they arise." *Id.* at 196. In *Our Lady of Guadalupe*, the Court again chose not to define the exact contours of when the ministerial exception applies, though it observed the rule does not provide religious institutions "a general immunity from secular laws[.]" 140 S. Ct. at 2060. The Court notably rejected workability concerns, noting that lower courts had applied the doctrine "for many years" without stiff boundaries. *Id.* at 2069. Thus, this court understands the ministerial exception analysis to be flexible by design, and it rejects Reverend Richardson's argument that this flexibility somehow undermines the exception's viability.

Reverend Richardson next argues that the ministerial exception only applies to individuals who are both ministers and employees. [ECF No. 47 at 3.] Though she "does not question . . . [her] role as a minister[,]" Reverend Richardson claims that the exception does not apply to her because she is self-employed. *Id.* at 2–3. The court need not consider whether the ministerial exception applies beyond the employer-employee setting to cover such individuals as independent contractors. It agrees with the Report that Reverend Richardson's assertion that she is self-employed "guts her Title VII claim[,]" which depends on her being an employee. [ECF No. 38 at 6.] As the Fourth Circuit has clearly indicated:

> Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or sex]," or from discriminating "against any of his employees . . . because he has opposed any practice made unlawful by this subchapter." 42 U.S.C § 2000e-2(a), 3(a). As the text makes clear, the protections of Title VII's anti-discrimination and anti-retaliation provisions extend only to employees. In focusing on employees, and the terms and conditions of employment, Congress chose to protect those least able to combat the effects of invidious discrimination in the workplace. The threshold inquiry in any Title VII case must, therefore, be whether the plaintiff alleging unlawful discrimination or retaliation is, in fact, an employee.

5

*Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 396 (4th Cir. 2021). The court, therefore, finds that Reverend Richardson cannot save her Title VII claim from the ministerial exception by claiming she is not an employee.

The court likewise rejects Reverend Richardson's claim that the ministerial exception only applies to "matters of hiring and firing" and, thus, does not apply to her hostile work environment suit. [ECF No. 47 at 4–6.] The Supreme Court has noted that the exception more broadly protects religious institutions' "autonomy with respect to internal management decisions[,]" *Our Lady of Guadalupe*, 140 S. Ct. at 2060, and "ensures [ ] the authority to select and *control* who will minister to the faithful[,]" *Hosanna-Tabor*, 565 U.S. at 194–95 (emphasis added) (footnote and citation omitted). Additionally, lower courts, including the Fourth Circuit, have applied the ministerial exception outside the context of discriminatory hiring and firing. *See Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299 (4th Cir. 2004) (applying the ministerial exception to the Fair Labor Standards Act); *Demkovich v. St. Andrew the Apostle Par., Calumet City*, 3 F.4th 968 (7th Cir. 2021) (applying the exception to hostile work environment claims). Reverend Richardson's claims—which challenge her performance evaluations, the denial of a promotion and full ordainment, her assigned hours and job location, and her inclusion in ministerial opportunities—concern matters at the heart of the ministerial exception. [ECF No. 1 at 12–16.] This court may not interfere with Defendants' ability to control these ecclesiastical decisions.

Finally, Reverend Richardson suggests that Defendants have not met their burden of proving the ministerial exception as an affirmative defense. *See* ECF No. 47 at 7 (citing *Dixon v. United States*, 548 U.S. 1, 8 (2006) (recognizing the burden of proof belongs to

the defendant at common law)); *see also Hosanna-Tabor*, 565 U.S. at 195 n.3 ("[T]he exception operates as an affirmative defense . . . not a jurisdictional bar."). The court notes that the circumstances are "relatively rare . . . where facts sufficient to rule on an affirmative defense . . . 'clearly appear[] on the face of the complaint'" such that the court may resolve the defense on a Rule 12(b)(6) motion to dismiss. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citation omitted). But, for the above reasons, the court agrees with the Report that the application of the ministerial exception to this case is straightforward. Defendants clearly show—based on the complaint—that Reverend Richardson occupies a role at a religious institution that triggers the ministerial exception and that this court may not entertain her claims consistent with the First Amendment. [ECF No. 22-1 at 10–11.]

## CONCLUSION

For these reasons, the court adopts the Report, ECF No. 38, and incorporates it herein. Defendants' motion to dismiss, ECF No. 22 is accordingly **GRANTED**.

**IT IS SO ORDERED.**

March 18, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge